IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EVERETT HOLLOWAY,**

                **Plaintiff,**

    v.                                      CASE NO. 05-3405-SAC

**KATHLEEN SEBELIUS, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a civil complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in Ellsworth Correctional Facility in Ellsworth, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Plaintiff alleges he was arrested and is unlawfully confined on a Kansas sentence that has fully expired. He seeks his release and damages for the alleged violation of his constitutional rights.

Because plaintiff challenges the legality of his present confinement, the court liberally construes this matter as an application for habeas corpus relief under 28 U.S.C. 2241.[1] *See*

---

[1] Plaintiff is advised that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey,

<u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus); <u>Montez v. McKinna</u>, 208 F.3d 862, 865 (10th Cir. 2000)(state prisoner habeas petition challenging execution of sentence, rather than validity of conviction and/or sentence, is properly brought under 28 U.S.C. 2241). Having reviewed plaintiff's limited financial resources, the court grants plaintiff leave to proceed in forma pauperis in this habeas action.

To seek relief under 28 U.S.C. 2241, plaintiff must first exhaust available state court remedies. <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986). It does not appear plaintiff has done so in this case.

Plaintiff cites two state civil actions presumably related to plaintiff's challenge to the expiration date set by Kansas officials for plaintiff's consecutive 1985 and 1989 state sentences. Plaintiff cites one civil action (04-CV-45) terminated by the state district court in March 2005 from which no appeal was docketed, and a second case (04-CV-50) which is still pending in the state district court. Because no full exhaustion of state court remedies is apparent on the face of the record, the court directs plaintiff to show cause why this action should not be dismissed without prejudice. Plaintiff's motion for appointment of counsel in this matter is denied.

IT IS THEREFORE ORDERED that the complaint is liberally

---

512 U.S. 477 486-87 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. <u>Id</u>.

2

construed as a habeas corpus action filed under 28 U.S.C. 2241, and that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why this matter should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 1st day of November 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3