```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**EVERETT HOLLOWAY,**

                      **Plaintiff,**

     v.                                    **CASE NO. 05-3405-SAC**

**KATHLEEN SEBELIUS, et al.,**

                      **Defendants.**

## O R D E R

Plaintiff, a prisoner incarcerated in Ellsworth Correctional Facility in Ellsworth, Kansas, proceeds pro se and in forma pauperis on a civil complaint the court liberally construed as a petition for a writ of habeas corpus under 28 U.S.C. 2241 challenging the execution of plaintiff's sentence.

Plaintiff is confined following his June 2004 arrest and incarceration for violating the conditions of his parole. Plaintiff challenges the legality of the Kansas Department of Corrections' aggregation of plaintiff's indeterminate 1985 and 1989 state sentences for the purpose of determining plaintiff's maximum sentence. By an order dated November 1, 2005, the court directed plaintiff to show cause why this matter should not be dismissed without prejudice, based on plaintiff's failure to exhaust state court remedies.

In response, plaintiff argues no further exhaustion of state court remedies is required under the circumstances. Plaintiff cites his pending state habeas corpus action filed under K.S.A. 60-1501 in Ellsworth County District Court (Case No. 04-CV-50),

in which the state court held a hearing in December 2004 but has not yet handed down a decision.[1]  Plaintiff also cites his petition for mandamus relief, dated November 10, 2005, in which he asks the Kansas Supreme Court to require the district court judge to decide plaintiff's habeas petition.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances.  28 U.S.C. 2254(b)(1)(B).  Notwithstanding the delay cited in plaintiff's pending state habeas action, plaintiff's recent request for mandamus relief clearly undermines any finding that circumstances render the state court process  unavailable or ineffective to review plaintiff's challenge to the execution of his sentence.  The court thus concludes this action should be dismissed because plaintiff has not exhausted state court remedies.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 18th day of November 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Plaintiff also cites Ellsworth District Court case 04-CV-45, terminated by the state district court in March 2005.  Plaintiff states he appealed that decision, but provides no information concerning the pendency or disposition of that appeal.